

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 9, 1974

*Overrules M-957 where conflicts*

The Honorable Charles R. Barden, P. E.
Executive Director
Texas Air Control Board
8250 Shoal Creek Blvd.
Austin, Texas 78758

Opinion No. H- 276

Re: Confidentiality of complaints
of emissions received by Air
Control Board

Dear Mr. Barden:

You have requested our opinion as to the accessibility under the
Open Records Act (Article 6252-17a, V. T. C. S. ) of information in the
custody of the Texas Air Control Board:

(1)     Are the names of persons complaining of emissions
        from a particular source of air pollution considered
        public information and subject to disclosure as such
        by this agency?

(2)     Are verbatim statements submitted by such persons
        during the course of an investigation considered
        public information subject to disclosure?

(3)     If legal action is contemplated by this agency
        against such source of air pollution partially
        as a result of these complaints, and if questions
        1 and/or 2 are answered in the affirmative, at
        what point in time does this information cease
        being public under Sec. 3 (a)(3) of Article 6252-17?

(4)     Under Sec. 3 (a)(8), is information gathered by this
        agency during enforcement investigations (such as
        stack sampling or property line sampling results)
        considered confidential as "matters relating to law
        enforcement"?.

Although your letter states it is made under Sec. 7 (a) of the Open Records Act, that section deals with an actual request for specific information and, since we construe your request as a general one instead, we will treat it as a request for an opinion under Article 4399, V. T. C. S.

The intent of the Open Records Act was not to make anything confidential that was hitherto required by other statute to be public; and the correlative intent is that it does not make public anything expressly made confidential or non-disclosable.   Section 3 (a)(1). Since various provisions of the Clean Air Act describe the scope of accessibility of the Texas Air Control Board's records, it is necessary to interpret what is and what is not available under the Texas Clean Air Act before evaluating the effect, if any, of the Open Records Act upon the accessibility of such records.

The pertinent portions of the Texas Clean Air Act (Article 4477-5, V. T. C. S. ) are:

> "Sec. 1. 07.   Information submitted to the board relating to secret processes or methods of manu-facture or production which is identified as confiden-tial when submitted shall not be disclosed. . . .

> "Sec. 2. 13.   All information, documents, and data collected by the board. . . are property of the State, Subject to the limitations of Section 1. 07. . . all records of the board are public records open to inspec-tion by any person during regular office hours.

> "Sec. 2. 14.   Subject to the limitations of Section 1. 07 . . . the board shall furnish certified or other copies of any proceeding or other official act of record, or of any map, paper, or document filed with the board. . . ."

In Attorney General Opinion H-241 (1974), dealing with your inquiry concerning the disclosability of recommendations of your investigators on permit applications, we said:

> "The language of § 2.13 above, that 'all records of the
> board are public records,' is very broad and we
> believe it clearly applies to the documents described
> in your opinion request regardless of whether a
> decision has been reached on whether to grant or
> deny the permit. Accordingly, it is our opinion that
> the documents described in your letter are public
> information without reference to the Open Records
> Act and that the legislation making them public
> information is not repealed or affected by the Open
> Records Act."

Section 2.14 of Article 4477-5, V.T.C.S., obligates the Board to furnish copies of all proceedings and official acts of the Board, and to furnish copies of any map, paper, or document filed with the Board, except those protected by Section 1.07, which declares that "Information submitted to the Board relating to secret processes. . .shall not be disclosed." The Open Records Act does nothing to alter the confidentiality of such secret processes. Article 6252-17a, Section 3 (a)(1), (10). Nor does it extend confidentiality to other records of the Board specifically made public.

We are of the opinion, therefore, that your first and second questions should be answered that the names of persons complaining of emissions of air pollutants and their verbatim statements, to the extent that they appear in the records of the Air Control Board, are public documents and copies should be furnished to those requesting them. To the extent that our decision conflicts with Attorney General Opinion M-957 (1971), that opinion is overruled.

In view of our determination that the Open Records Act was not intended to restrict the availability of information made public by other statutes, our answer to your third question is that the contemplation of legal action or its pendancy does not cause information available under Sec. 2.14 to cease to be public. Section 3 (a)(3) of Article 6252-17c, V.T.C.S., does not apply.

Similarly, even should we consider the Board to be a law enforcement agency, the exception by Sec. 3 (a) (8) of Article 6252-17a of certain records of such agencies from the Open Records Act, does not have the effect of

amending Secs. 2.13 and 2.14 of Article 4477-5 so as to make unavailable records made public and available by them.

## SUMMARY

The names of persons complaining of emissions from a particular source and their verbatim statements submitted to the Texas Air Control Board are declared "public" under Article 4477-5, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

Larry F. York, First Assistant

David M. Kendall, Chairman
Opinion Committee